Alexandre KOPATCH;  Natalya
Kopatch; Lidia Kopatch,
Petitioners,

v.

IMMIGRATION AND
NATURALIZATION SERVICES,
Respondent.

No. 01–71267.
INS Nos. A70–500–523, A72–
525–967, A72–525–968.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2002.

Decided Oct. 24, 2002.

Before SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judge, and WEINER,* District Judge.

MEMORANDUM **

Alexandre, Natalya, and Lidia Kopatch appeal the BIA's decision affirming the IJ's denial of their asylum claims based on incidents that occurred while they lived in the Ukraine and Estonia. Alexandre and Natalya are married and Lidia is their minor daughter.

The BIA denied Alexandre's petition for asylum on the ground that inconsistencies in his petition and his testimony supported the conclusion that he was not credible. The application, however, was consistent with his testimony in all material respects, including his detention, interrogation, and physical beating due to his involvement with a political group. There was some inconsistency and confusion about the date of his arrest and as to who had helped him prepare his application. None of these inconsistencies went to the heart of the claim, or was substantial enough to support an adverse credibility finding. *See Mendoza Manimbao v. Ashcroft,* 298 F.3d 852, 857 (9th Cir.2002).

The government also suggests that Alexandre's failure to mention his wife's persecution in his application undermines his credibility. The suggestion overlooks the fact that his claim was of political persecution, and was independent of her claim of religious persecution. His testimony must be deemed credible and, in the absence of an adequate adverse credibility finding, constitutes compelling evidence of the political persecution. *See Kataria v. INS,* 232 F.3d 1107, 1113 (9th Cir.2000).

Natalya testified about several episodes in which she had suffered physical and economic deprivation on account of her status as a Jewish person in both Estonia and the Ukraine. This testimony included a description of cruel treatment at the time of the birth of her daughter on that account. There was no adverse credibility finding as to her claim, of which the daughter's is derivative. The record does not support the BIA's finding that she could return to the Ukraine without facing persecution. *See Kataria,* 232 F.3d at 1113.

Because both Alexandre and Natalya have demonstrated a clear probability of persecution in order to entitle them to consideration for asylum, they have also

---

* The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

established eligibility for withholding of deportation.

The matter is REVERSED and RE-MANDED to the BIA.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

